## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

DENNIS C. WALCZAK,

        Plaintiff,

vs.

GLOVIA INTERNATIONAL, INC.,

        Defendant.

Civil Action No. 2:03-0375-18

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO STRIKE AND
SUPPORTING MEMORANDUM**

TO:    A. CHRISTOPHER POTTS, ATTORNEY FOR PLAINTIFF:

Defendant, by and through its undersigned attorneys, moves the Court for an Order excluding Plaintiff's expert, Clyde Hiers, from testifying as an expert witness in this case on the grounds that Plaintiff has failed to comply with the terms of this Court's August 8, 2003 Order mandating that Plaintiff's expert disclosures "be provided to Defendant by noon, August 18, 2003." (August 8, 2003 Order, attached as Exhibit A).

Defendant originally filed a Motion to Exclude Plaintiff's Expert and/or to Compel Mandatory Expert Disclosures based upon Plaintiff's failure to comply with this Court's April 10, 2003 Scheduling Order and Rule 26(a)(2) of the Federal Rules of Civil Procedure. Specifically, Defendant sought a complete statement of all opinions to be expressed by Plaintiff's expert and the basis and the reasons therefore, the data and other information considered by Plaintiff's expert in forming his opinion, as well as any expert report. The April 10, 2003 Scheduling Order required Plaintiff to served the aforementioned information on Defendant by July 7, 2003.

On August 8, 2003, this Court granted Defendant's motion and required Plaintiff to

provide his expert disclosures to Defendant by noon on August 18, 2003. Plaintiff did <u>not</u> respond to the August 8, 2003 Order. To date, the only information Defendant has is Plaintiff's June 11, 2003 interrogatory response listing Mr. Clyde Hiers as an expert witness as to Plaintiff's economic damages, specifically as to "plaintiff's past and future economic damages" and for purposes of discounting "future lost wage and benefit damages to present value." (Plaintiff's Interrogatory Response Number 4, attached as Exhibit B). At that time, Plaintiff indicated his expert had not yet prepared a report. Plaintiff has not provided a complete statement of Mr. Hiers' opinions on the aforementioned issues to Defendant, as required by the April 10, 2003 Scheduling Order, Rule 26(a)(2) of the Federal Rules of Civil Procedure and as mandated by this Court's August 8, 2003 Order. For the foregoing reasons, Defendant requests that the Court exclude Plaintiff's expert from testifying as an expert in this case on the issue of past and future economic damages.

This Motion is supported by the applicable law, the attached exhibits and the pleadings in this case. Pursuant to Local Rule 7.02, defense counsel consulted Plaintiff's counsel prior to the filing of this motion but was unable to resolve the issues raised herein.

NEXSEN PRUET JACOBS POLLARD & ROBINSON, LLC

By: _____
David E. Dubberly (Fed. ID # 620)
1441 Main Street, Suite 1500
Post Office Box 2426
Columbia, South Carolina 29202
(803) 781-8900

Mary L. Hughes (Fed. ID# 7067)
205 King Street, Suite 400
Post Office Box 486
Charleston, South Carolina 29402
(843) 577-9440

ATTORNEYS FOR DEFENDANT

August 28, 2003
Charleston, South Carolina

NPCHAR1:226760.1-MO-(MLH) 031587-00002

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE AND SUPPORTING MEMORANDUM has been served upon the following counsel of record by placing the same in the United States mail, first class postage prepaid, addressed to the following as shown below this _28th_ day of August, 2003.

A. Christopher Potts, Esquire
Hitchcock & Potts
P.O. Box 1113
Charleston, SC 29402

*Karen S. Hucks*
Karen S. Hucks
Secretary for Mary L. Hughes
NEXSEN PRUET JACOBS POLLARD &
ROBINSON, LLC
205 King Street, Suite 400
P.O. Box 486
Charleston, South Carolina 29401
Telephone: (843) 577-9440

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

**FILED**

AUG 8 - 2003

LARRY W. PROPES, CLERK
CHARLESTON, SC

DENNIS C. WALCZAK,

      Plaintiff,

vs.

GLOVIA INTERNATIONAL, INC.,

      Defendant.

Civil Action No. 2:03-0375-18

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO EXCLUDE
PLAINTIFF'S EXPERT AND/OR TO
COMPEL MANDATORY EXPERT
DISCLOSURES AND SUPPORTING
MEMORANDUM**

## GRANTED

David C. Norton
United States District Judge

Date 8/8/03

Expert disclosures to be provided
to ∆ by 11am, August 15, 2003

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

DENNIS C. WALCZAK,       )

          Plaintiff,       )

          vs.             )

GLOVIA INTERNATIONAL, INC.,  )

          Defendant.     )

Civil Action No.: 2:03-0375-18

**PLAINTIFF'S RESPONSES TO DEFENDANT'S INTERROGATORIES TO THE PLAINTIFF**

TO: DAVID E. DUBBERLY, ESQUIRE, AND MARY L. HUGHES, ESQUIRE, ATTORNEY'S FOR THE DEFENDANTS:

      COMES NOW, the plaintiff, by and through his undersigned attorneys, and answers the Defendant's First Set of Interrogatories to Plaintiff, as follows:

    1.    Give the names and addresses of persons known to Plaintiff or counsel to be witnesses concerning the facts of this case, indicate whether or not written or recorded statements have been taken from the witnesses, and indicate who has possession of such statements.

**ANSWER:  See Exhibit 1 and Exhibit 2 attached hereto.**

    2.    Set forth a list of photographs, plats, sketches or other prepared documents in possession of Plaintiff or counsel that relate to the claims of defenses in the case.

**ANSWER:  See Plaintiff's Responses to Defendant's Request for Production of Documents.**

    3.    Set forth an itemized statement of all damages, exclusive of pain and suffering, claimed to have been sustained by Plaintiff.

**ANSWER:** Plaintiff is still in the process of itemizing his damages. On plaintiff's wage claim, plaintiff seeks all commissions due, treble damages, attorney's fees and costs and interest. Plaintiff will not be able to itemize his commissions due, until after full discovery. As to plaintiff's remaining claims, plaintiff seeks lost back and future wages, emotional distress, pain and suffering, loss of enjoyment of life, loss to professional standing, inconvenience, embarrassment, humiliation and punitive damages.

4. List the name and address of any expert witness whom Plaintiff proposes to use as a witness at the trial of the case.

**ANSWER:** Clyde L. Hiers, CPA, CFP, M.S. (Tax)
1634 Ashley River Rd.
Charleston, SC 29407
(843) 571-1040
Mr. Hiers is an economic expert and will testify to plaintiff's past and future economic damages. Mr. Hiers will also discount future lost wage and benefit damages to present value. Mr. Hiers' C.V. is attached hereto as Exhibit 3. A report has not yet been prepared.

5. For each person known to Plaintiff or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform Defendant of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

**ANSWER:** See Answer to Interrogatory number 1 above.

6. Detail with specificity all measures taken by Plaintiff to mitigate his alleged damages.

**ANSWER:** Plaintiff attempted to recover wages due to him by the defendant, by repeatedly complaining to defendant that wages were due. After plaintiff was forced to quit by defendant (or constructively discharged), plaintiff sought and found other work. See Response to Interrogatory 10.

7. State whether Plaintiff has ever made a claim, or filed a lawsuit, against any employer his, previous or subsequent to his employment with Defendant, and for each claim made or lawsuit filed, please give the following information:

(a) the basis of the claim or lawsuit;

(b) the circumstances surrounding the claim or lawsuit;

(c) the full name and business address of the attorney, if any, who represented Plaintiff in the claim of lawsuit;

(d) the full name and business address of any treating physician, psychiatrist, psychologist, psychotherapist, or other healthcare provider involved in the claim or lawsuit;

(e) the date on which the claim was made or the lawsuit filed; and

(f) the final result of the litigation, or the amount received in settlement of the claim.

**ANSWER: Plaintiff has never filed any claim and/or lawsuit against any previous or subsequent employer.**

8.     State whether Plaintiff has ever been a party or claimant in a workers' compensation action, charge of discrimination, charge of harassment, charge of retaliation, or a lawsuit or other legal or administrative claim not related to this action, and for each such claim, charge or action, set forth the date the claim, charge or action was filed, the civil action number or other identifying number, the forum and location in which it was filed, the nature of the claim, charge or action filed, and the final resolution of the claim, charge or action.

**ANSWER: Plaintiff has never been a party to a workers' compensation claim, charge of harassment, charge of retaliation or other legal or administrative claim except as follows: Plaintiff filed a charge with the EEOC against defendant on September 7, 2001 for age discrimination, resulting from plaintiff's forced resignation as a result of not being compensated for sales activities and comments by Matt O'Malley. EEOC gave plaintiff the right to sue defendant.**

9.     List the names and current business addresses of each physician, psychotherapist, psychologist, psychiatrist, counselor, medical facility and other health care provider by whom or at which Plaintiff has been examined or treated for emotional or mental distress, emotional pain an suffering, mental anguish, loss of enjoyment of life or mental injuries of any sort in the past 10 years and, as to each, state the dates of each examination or treatment and the condition or injury for which Plaintiff was examined or treated.

**ANSWER:** (a) **Dr. Derrick III and Dr. Patrick**
**Lowcountry Medical Group LLC**
**55B Sheridan Park Circle**
**Bluffton, SC 29910**
**(843) 815-5092**
**March of 2001-present**
**Plaintiff is being treated for depression as a result of his forced resignation from defendant.**

10.    For each employer with which Plaintiff has <u>sought</u> employment since his termination from Defendant, provide the following information: the name, address and telephone number of the employer; the date(s) on which Plaintiff sought work from the employer; the person(s) with whom Plaintiff had contact; whether Plaintiff received an offer of employment and, if so, the position and pay level offered; and if Plaintiff was offered employment, whether Plaintiff accepted or rejected the offer, and if the offer was rejected, the reason for having done so.

**ANSWER:** (a) **QAD, Inc.**
**David Crain, Manager of Presales**
**6450 Via Real**
**Carpentaria, CA 93013**
**(770) 518-0787**
**March of 2001 – March of 2002**
**Accepted the Strategic Presales position at $150,000 yearly potential.**

          (b) **Intuitive Manufacturing Systems**
**Edward Doris**
**12131 113th Ave. NE, Suite 200**
**Kirkland, WA 98034**
**(513) 489-9788**
**Sought employment in January of 2003, hired in February of 2003 and is still employed with company.**
**Accepted the Field Product Manager position at $110,000 base pay.**

11.    Set forth a list of all employers by whom Plaintiff has been employed since his termination of employment with Defendant. In responding to this interrogatory, include the following: the name, address and telephone number of the employer; the position(s) held by Plaintiff; the dates of his employment with that employer; the reason for termination of the employment; the hourly and/or weekly rate of pay; and the benefits received from the employer.

ANSWER: (a) QAD, Inc.
David Crain, Manager of Presales
6450 Via Real
Carpentaria, CA 93013
(770) 518-0787
March of 2001 – March of 2002
Employment ended due to a massive company wide layoff in excess of 150 individuals.

(b) Intuitive Manufacturing Systems
Edward Doris
12131 113th Ave. NE, Suite 200
Kirkland, WA 98034
(513) 489-9788
Sought employment in January of 2003, hired in February of 2003 and is still employed with company.
Accepted the Field Product Manager position at $110,000 base pay.

HITCHCOCK & POTTS

BY: _____
A. Christopher Potts
Fed. I.D. No.: 5517
31 Broad Street (P.O. Box 1113)
Charleston, SC 29402
Telephone: (843) 577-5000
Fax: (843) 722-8512
E-Mail: hitchp@bellsouth.net
Attorneys for Plaintiff

Charleston, South Carolina
_____6|11_____, 2003